# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 29 2013

JEFFREY P. COLWELL
CLERK

Hazhar A. Sayed _____, Plaintiff

v.

SGT. Tafoya, Mail Room C/O, F.C.F., _____, (Individual Capacity),

SGT. Patrick, Mail Room C/O, F.C.F. _____, (Individual Capacity),

Yevette Brown, F.C.F., Law Library C/O, _, (Individual Capacity),

John/Jane Doe, F.C.F., Dental Officer/ Dentist, (Individual Capacity)

_____,

_____,

_____,

_____, Defendant(s).

(List each named defendant on a separate line.)

**Jury Trial** Demanded

## PRISONER COMPLAINT

(Rev. 1/30/07)

## A. PARTIES

1. Hazhar A. Sayed, #133608, Fremont Corr. Facility, Box: 999,
   (Plaintiff's name, prisoner identification number, and complete mailing address)
   Canon City, CO. 81215-0999

2. Sgt. Tafoya, Mail Room Correctional Officer, Fremont Corr. Facility,
   (Name, title, and address of first defendant)
   BOX: 999, Canon City, CO. 81215 (named in individual capacity)

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? XX Yes ___ No (CHECK ONE).  Briefly explain your answer:

   Pursuant to the authority granted the Executive Director of

   the Colo. D.O.C., under § 17-1-101 et seq., C.R.S.

3. Sgt. Patrick, Mail Room Correctional Officer, Fremont Corr.
   (Name, title, and address of second defendant)
   Facility, Box: 999, Canon City, CO. 81215 (named in individual capacity)

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? XX Yes ___ No (CHECK ONE).  Briefly explain your answer:

   Pursuant to the authority granted the Executive Director of the

   Colo. D.O.C., under § 17-1-101 et seq., C.R.S.

4. Yevette Brown, Fremont Corr. Facility, Law Library Officer,
   (Name, title, and address of third defendant)
   Box: 999, Canon City, CO. 81215 (named in individual capacity)

   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? XX Yes ___ No (CHECK ONE).  Briefly explain your answer:

   Pursuant to the authority granted the Executive Director of the

   Colo. D.O.C. under § 17-1-101 et seq., C.R.S.

(If you are suing more than three defendants, use extra paper to provide the information requested above for each additional defendant.  The information about additional defendants should be labeled "A. PARTIES.")

(Rev. 1/30/07)                                2

A. PARTIES (continued):

5. Unknown John/Jane Doe, Fremont Correctioanl Facility, Dentist/Dental
   Officer, Box: 999, Canon City, CO. 81215 (individual capacity)

   At the time the allegations in this compalint arose, the defendant
   was acting under the Colorado of State law, pursuant to the authority
   grant the Executive Director of the Colo. D.O.C. under § 17-1-101 et seq.,
   C.R.S.

## B. JURISDICTION

1. I assert jurisdiction over my civil rights claim(s) pursuant to:  (check one if applicable)

   <u>XX</u>   28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

   ____   28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners)

2. I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

   N/A

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case.  If more space is needed to describe the nature of the case, use extra paper to complete this section.  The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

This case involves three separate claims, i.e., 1) denial of freedom of communication as allowed under the First Amendment, through rejection of mail allowed under (D.O.C) policy as well; 2) denial of the ability to access the Courts and prepare propecly legal pleadings as guaranteed under the First Amendment; and 3) deliberate indifference to a serious medical need as guaranteed under the protections afforded by the Eighth Amendment.

(Rev. 1/30/07)                                     3

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1.   Claim One:   Denial of Freedom to Communicate as allowed under the First Amendment of the United States Constitution.

Supporting Facts:

In February of 2013, both Sgt. Patrick and Sgt. Tafoya of the Fremont Correctional Facility's mail room, rejected and returned to sender an incoming letter which contained a blank captioned form for legal use. The blank form had no case number, name or identifying marks on it. It was in fact a sample form sent to me by another person at another correctional facility in this State as a format for me to go by when filing a notice of appeal. There was no legitimate penological purpose or policy that prohibits any party from sending me such a sample document. It was rejected under the guise that it was another offender's property, i.e., legal work, however, there was no name on it and in essence it was the same as any other mail or letter. As a result, my First Amendment rights to freely communicate with other persons was violated through these correctional officer's arbitrary and capracious actions.

(Rev. 1/30/07)                    4

2.  Claim Two:   Denial of ability to access the Courts and communicate with others in violation of First Amendment rights.

Supporting Facts:

In July of 2013, I requested to access the Fremont Correctional Facility's law library with another inmate, who until several days earlier, had been on the West side of the facility (but was subsequently moved to the East side). Prior to this, we had accessed the law library together. I was denied the ability to access the law library with this inmate, who was assisting me in another legal matter.

Neither one of of our custody levels had changed and only the fact that the other inmate had moved to the East side of the facility had changed. Yet I was denied the ability to meet with this inmate.

There is no legitimate legal or penological purpose served by disallowing this and as a result, I was denied the ability to freely communicate with this inmate and to access the courts. All inmates are located in the same facility and mix for a large number of things, such as religious services, programs, educational purposes, etc. As a result, my First Amendment rights were violated. Ms. Yevette Brown was the law librarian at this time and personally refused my repeatedly requests to be scheduled with this other inmate.

(Rev. 1/30/07)                          5

3.    **Claim Three:**    Deliberate indifference to a serious medical need in violation of Eigth Amendment protections.

Supporting Facts:

In May of 2012, I submitted a medical/dental kite to (F.C.F)'s dental services. In that kite I request that I be seen for ongoing dental issues and to have my teeth cleaned again. The kite was rejected under the guise that I had my teeth cleaned approximately 9-months earlier and wasn't eligible for having them cleaned until 12-months had passed. The inherent problem here is that the fact that I was having problems with my teeth was ignored in its entirety and even if I requested to be placed on the list for tooth cleaning, it would take many months for me to be seen, hence the one year would have passed by the time I was seen. Policy allows that I be seen for medical issues and the Eigth Amendment requires that I be cared for medically. To date I have not been  seen and I still suffer from tooth problems which have caused me to suffer a great deal.

The dentist/medical officer refusing me is unknown at this time and will be properly named thereby removing the John/Jane Doe defendant at a latter point.

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? **xx** Yes ___ No  (CHECK ONE).  If your answer is "Yes," complete this section of the form.  If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit.  The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Name(s) of defendant(s) in prior lawsuit: _____

2. Docket number and court name: _____

3. Claims raised in prior lawsuit: _____

4. Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?): _____

5. If the prior lawsuit was dismissed, when was it dismissed and why? _____

6. Result(s) of any appeal in the prior lawsuit: _____

## F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?

   **XX** Yes ___ No  (CHECK ONE).

2. Did you exhaust available administrative remedies? **XX** Yes ___ No (CHECK ONE).

   <u>See</u> attached grievances and responses.

## G. REQUEST FOR RELIEF

State the relief you are requesting. If you need more space to complete this section, use extra paper. The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

**Claim One:** Injunctive relief: establishment of a policy that allows me to receive any legal documentations, regardless of whose name is in the caption and/or blank forms as necessary. Punitive damages: An amount to be assessed by a jury and limited by State Statute.

**Claim Two:** Injunctive relief: Establishment of a policy which allows all inmates located at the same facility to assist each other within the confines of that facility's law library and enforcement of the policy which allegedly allows for that now. Punitive damages: An amount to be assessed by a jury and limited by State statute.

**Claim Three:** Injunctive relief: A permanent injunction enjoing the the named defendant from being deliberately indifferent to Hazhar A. Sayed's serious medical needs and requiring the named official to provide the constitutionally mandated medical care necessary to treat Mr. Sayed. Punitive Damages: An amount to be assessed by a jury and limited by State statute.


## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on   October 18, 2013.
                    (Date)


_____
(Prisoner's Original Signature)

Hazhar A. Sayed, #133608
Fremont Correctional Facility
P.O. Box: 999
Canon City, CO. 81215-0999

                    (Pro-Se)

## Colorado Department of Corrections Offender Grievance Form

| Offender Must Complete | |
|---|---|
| **Name:** Hazhar A. Sayed | **Doc #:** 133608 |

**Grievance number** (complete for Steps 2 and 3, only):

**Instructions:**
1. Fill out identifying data in space provided. (Must be legible.)
2. Clearly state basis for grievance or grievance appeal.
3. State specifically what remedy you are requesting.
4. Remedy must remain consistent.

**Subject of Grievance and Requested Meaningful Remedy:**

Interference with inmates mail implicates a prison inmate's right to access to the Courts and free speech as guaranteed by the 1st and 14th Amendment to the U.S. Constitution. On February 23, 2013, Sgt. Tafoya in (FCF) mail-room returned to sender **"a blank form"**, so called mail thht, I had received from my friend. There is no reason given. I believe this action is inappropriate for hendering my efforts to pursue my rights. Moreover, I feel that, my constitutional right to access to the Courts for judicial review and redress is being violated as a result of the circumstances and conditions herein set forth. Remedy, 1) my rights never be violated again in this matter; 2) C.D.O.C/F.C.F. mail-room must allow legitimate mail (even quasi-legal) subject to inspection; and the inmate shall allowed to receive his important mail; and 3) I would ask that, the U.S. postal service handle and hands out inmates mail. Thank you**

| Date: June 4, 2013 | Offender Signature: _[signature]_ | |
|---|---|---|
| **Case Manager/CPO Must Complete** | Facility/Unit/Pod/Parole Office/Community Corrections Center: FCF CH4 | Step (Circle one) ①  2  3 |
| Signature: _[signature]_ | | |
| Print Name and DOC Employee Id #: W. Brown  17898 | | Date received: 6-5-13 |

Attachment "B"
Page 1 of 1

---

### TO BE COMPLETED BY GRIEVANCE COORDINATOR

RECEIPT: I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

| Date 06/06/2013 | Grievance Coordinator & ID # YAKE, PHYLLIS (15335) |
|---|---|

**RESPONSE**

The paperwork belonged to another offender which violates 850-06 Offender Property (ie: pictures; smaller publications; artwork or hobby work). Grievance denied

### TO BE COMPLETED BY RESPONDER

| Date 06/11/2013 | Responder Name & ID # KOCHEVAR, JON (2233) | Response Date 07/03/2013 |
|---|---|---|
| Disposition | | Denied |

### TO BE COMPLETED BY OFFENDER

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| Offender Name SAYED, HAZHAR | | DOCNO 133608 | Grievance # R-FF12/13-00042284-1 |
|---|---|---|---|
| Date: 07/6/13 | Offender Signature: _[signature]_ | | |

Original: Department file/AIC

Copies: Administrative Head, Offender

DC Form 850-04B (12/15/12)

## Colorado Department of Corrections Offender Grievance Form

**Offender Must Complete**

**Name:** Hazhar A. Sayed          **Doc #:** 133608

Grievance number (complete for Steps 2 and 3, only): 12/13-42284.

**Instructions:**
1. Fill out identifying data in space provided. (Must be legible.)
2. Clearly state basis for grievance or grievance appeal.
3. State specifically what remedy you are requesting.
4. Remedy must remain consistent.

**Subject of Grievance and Requested Meaningful Remedy:**

On February 23, 2013, Sgt. Tafoya in (FCF) mail-room returned to sender "A blank form" so called mail that I had received from my friend, Davis K. Jener. There was no reason given. I contend that, Sgt. Tafoya's action was not done with regard toward any policy, administrative directive, rules or regulation; in violation of State and Federal protected right. Remedy, step one be overturn.

**Date:** July 9, 2013   **Offender Signature:** _____

**Case Manager/CPO Must Complete**   **Facility/Unit/Pod/Parole Office/Community Corrections Center:**   **Step (Circle one)** 1 ②  3

Signature: _____

Print Name and DOC Employee Id #: Simmons  8255   **Date received:** 7/10/13

Attachment "B"
Page 1 of 1

**TO BE COMPLETED BY GRIEVANCE COORDINATOR**

RECEIPT: I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

Date 07/11/2013   Grievance Coordinator & ID # YAKE, PHYLLIS (15335)

**RESPONSE**

Thank you for the opportunity to respond to your step II grievance. After meeting with the mail room staff and reviewing all pertinent documentation I discovered that the mail room rejected the mail that you are questioning because it violated policy 850-06, Offender Property. This mail in question was the property of another offender. Grievance is denied.

**TO BE COMPLETED BY RESPONDER**

Date 07/12/2013   Responder Name & ID # HUDSON, JAY (4563)   Response Date 07/15/2013

Disposition          Denied

**TO BE COMPLETED BY OFFENDER**

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

Offender Name SAYED, HAZHAR   DOCNO 133608   Grievance # R-FF12/13-00042284-2

Date: 08/6/13   Offender Signature: _____

Original: Department file/AIC          Copies: Administrative Head, Offender

DC Form 850-04B (12/15/12)

## Colorado Department of Corrections Offender Grievance Form

| Offender Must Complete | Doc #: 133608 |
|---|---|
| Name: Hazhar A. Sayed | |

Grievance number (complete for Steps 2 and 3, only): FF 12/13-42284

**Instructions:**
1. Fill out identifying data in space provided. (Must be legible.)
2. Clearly state basis for grievance or grievance appeal.
3. State specifically what remedy you are requesting.
4. Remedy must remain consistent.

**Subject of Grievance and Requested Meaningful Remedy:**

Response to step 2, did not resolve the question inherent in the subject matter, and that is: 1) whether I have a right to receive mail from other inmates; 2) whether the policy or practice in the mail room was strictly followed; 3) whether Sgt. Tafoya strickly followed the administrative directive; 4) whether Sgt. Tafoya was retaliation against Mr. Sayed by rejecting "a blank form", as a result of filing grievances and suit against C.D.O.C/P.C.F. and Mr. Courtney; 5) whether Sgt. Tafoya's action by rejecting "a blank form" which is entrusted to Mr. Sayed by another inmate, whom cannot file his claim without assistance of another inmate, [do] these inmates access to the Court; 6) whether receiving "a blank form" from other inmate was conduct that was not protected conduct by the Federal and State Constitution. Moreover, Sgt. Tafoya's action was not done with regards to toward any policy, administrative directive, rules, or regulation; and there is no legitimate penological purpose is served by rejecting his mail. Accordingly, Mr. Sayed feel that his Constitutional right to access to the Courts for judicial review and redress is being violated as a result of the circumstances and conditions herein setforth. Remedy, 1) Request step 11 be over turn. Thank you.

| Date: August 6, 2013 | Offender Signature: _____ | Step (Circle one) |
|---|---|---|
| **Case Manager/CPO Must Complete** | Facility/Unit/Pod/Parole Office/Community Corrections Center: | 1   2   ③ |

Signature: _____
Print Name and DOC Employee Id #:
Date received: 8/9/13

Attachment "B"
Page 1 of 1

---

## TO BE COMPLETED BY GRIEVANCE COORDINATOR

RECEIPT: I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

| Date 08/08/2013 | Grievance Coordinator & ID # YAKE, PHYLLIS (15335) |
|---|---|

**RESPONSE**
see attached

## TO BE COMPLETED BY RESPONDER

| Date 08/26/2013 | Responder Name & ID # GRIFFITH, MARSHALL (14298) | Response Date 09/03/2013 |
|---|---|---|

| Disposition | Not exhausted |
|---|---|

## TO BE COMPLETED BY OFFENDER

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| Offender Name SAYED, HAZHAR | DOCNO 133608 | Grievance # R-FF12/13-00042284-3 |
|---|---|---|
| Date: 09/13/13 | Offender Signature: _____ | |

Original: Department file/AIC                                    Copies: Administrative Head, Offender

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Step 3 Grievance Officer
2862 South Circle Drive, Suite 148
Colorado Springs, CO 80906-4195
Phone:  719.226.4238



Step 3 Grievance Officer

John W. Hickenlooper
Governor

Rick Raemisch
Executive Director

September 3, 2013


RE: Grievance #R-FF12/13-42284

Dear Mr. Hazhar Sayed #133608 :

I have reviewed your Step 3 grievance that you filed with regard to rejected mail on 2/23/13.


Your grievance is filed out of time.  The time frame for filing grievances is outlined in Administrative Regulation 850-04.
You have thirty days from when you knew or should have known of the facts giving rise to this grievance. This action
occurred 2/23/13 and you did not file the Step 1 until 6/4/13.

You have failed to follow the grievance procedure in this matter; you have <u>not</u> exhausted your administrative
remedies.  This is the last administrative action in this matter.


Sincerely,

Anthony A. DeCesaro
Grievance Officer

cc: working file
    grievance file

DC Form 850-04A (07/15/11)

## Colorado Department of Corrections Offender Grievance Form

| Offender Must Complete | |
|---|---|
| Name: Hazhar A. Sayed | Doc #: 133608 |

Grievance number (complete for Steps 2 and 3, only):

**Instructions:**
1. Fill out identifying data in space provided. (Must be legible.)
2. Clearly state basis for grievance or grievance appeal.
3. State specifically what remedy you are requesting.
4. Remedy must remain consistent.

**Subject of Grievance and Requested Meaningful Remedy:**

Since July 2, 2013, I submitted numerous kites and requesting for legal assistance, asking Ms. Brown the law librarian to schedule me with inmate Jener, #92839. I was informed by Ms. Brown that, I cannot any longer obtain any legal advice or assistance either in the nature. When I inquired why not? I was told by Ms. Brown, it is security issue. I contend that, her action inappropriate and in violation of a State and Federal protected right. Moreover, Ms. Brown's action by denying me to receive legal advice and legal assistance from Mr. Jener, was not done with regards toward the C.D.O.C/F.C.F., policy; unit policy; administrative directive; rules, or regulation. There is no legitimate penological purpose is served by perventing inmates from helping their cases. Further, it is the (DOC)'s policy for all inmates to meet up in the law liberary regarding legal matters. Accordingly, it is my belief that, Ms. Brown's preventing me to get legal advice and legal assistance in the law liberary was in retaliation for response to my current suit which is presently pending and in retaliation for filing on her fellow officers. Simply put. Remedy, 1) my rights never be violated again in this manner; and 2) immediately schedule me for an appointment with Mr. Jener, #92839, and I have a deadline due.

| Date: July 22, 2013 | Offender Signature: _(signature)_ | Step (Circle one) |
|---|---|---|
| **Case Manager/CPO Must Complete** | Facility/Unit/Pod/Parole Office/Community Corrections Center: | ① 2 3 |

Signature: _(signature)_
Print Name and DOC Employee id #: K. SIMMONS  8255
Date received: 7/23/13

Attachment "A"
Page 1 of 1

---

## TO BE COMPLETED BY GRIEVANCE COORDINATOR
RECEIPT: I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

| Date 07/24/2013 | Grievance Coordinator & ID # YAKE, PHYLLIS (15335) |
|---|---|

### RESPONSE
Issue: Inability to access the law library with an offender that lives on the other side of the facility.
Relief Requested: "1.) my rights never be violated again in this manner, and 2.) immediate schedule me for an appointment with Mr. Jener, #92839, and I have a deadline due."

As explained to Sayed 133608 verbally and in the informal resolution: The FCF Law Library does not provide legal access by mixing offender from east side and west side of the facility. Mixing offender access from the two sides of the facility is a security measure that will not be compromised. Mixing offenders in the law library could cause security issues such as passing items and contraband to the other offender. These offenders are of different custody levels and the facility keeps them apart. Security and safety of staff and offenders overrides all other operations in CO DOC facilities. Suggestion, Sayed may request access to the law library with other offenders of his side of the facility or request to be moved to the side of the facility where Mr. Jenner resides. Sayed has not been denied access to the law library. He may continue to access the law library at FCF. Offender Sayed has failed to state any claim upon which relief may be granted.
Grievance denied in whole.

## TO BE COMPLETED BY RESPONDER
| Date 07/26/2013 | Responder Name & ID # BROWN, YVETTE (10891) | Response Date 07/26/2013 |
|---|---|---|
| Disposition | **Denied** | |

## TO BE COMPLETED BY OFFENDER
RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.
If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| Offender Name SAYED, HAZHAR | DOCNO 133608 | Grievance # R-FF13/14-00043859-1 |
|---|---|---|
| Date: 07/29/13 | Offender Signature: _(signature)_ | |

Original: Department file/AIC

Copies: Administrative Head, Offender

R-FF 13/14-00043859-

DC Form 850/04B (12/15/12)

## Colorado Department of Corrections Offender Grievance Form

| Offender Must Complete | |
|---|---|
| **Name:** Bashar A. Sayed | **Doc #:** 132298 |

**Grievance number** (complete for Steps 2 and 3, only): FCF 13/14-43359

**Instructions:**
1. Fill out identifying data in space provided. (Must be legible.)
2. Clearly state basis for grievance or grievance appeal.
3. State specifically what remedy you are requesting.
4. Remedy must remain consistent.

**Subject of Grievance and Requested Meaningful Remedy:**

Response to step I, frivolous and did not resolve the question inherent to the subject matter, and that is whether inmates has right to in assisting each other with their legal matters to access to the courts; and whether Ms. Brown retaliated against Mr. Sayed by denying him schedule to the law library with inmate Mr. Jener, #92939, as a result of filing grievance and suits are presently pending on her fellow officers. Accordingly her actions was not done with regards toward the C.D.O.C/F.C.F. policy unit policy, administrative directive, rules, or regulation. There is no legitimate penological purpose is served by preventing inmates from helping their cases. Further, it is DOC's policy for all inmates to meet up in the law library regarding legal matters. Accordingly, it is my belief that, her action preventing Mr. Sayed to get legal advice or assistance in the law library is inappropriate in violation Federal and State protected right. Remedy, 1) Request step (I) be overturn.

| | | |
|---|---|---|
| **Date:** July 29, 2013 | **Offender Signature:** _[signature]_ | **Step (Circle one)** |
| **Case Manager/CPO Must Complete** | **Facility/Unit/Pod/Parole Office/Community Corrections Center:** | 1   (2)   3 |
| **Signature:** _[signature]_ | | **Date received:** 7/31/13 |
| **Print Name and DOC Employee Id #:** P. IN YAKE   8335 | | |

Attachment "B"
Page 1 of 1

## TO BE COMPLETED BY GRIEVANCE COORDINATOR

**RECEIPT:** I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

| Date 07/31/2013 | Grievance Coordinator & ID # YAKE, PHYLLIS (15335) |
|---|---|

**RESPONSE**

Offender Sayed asks two questions in his Step II grievance: 1) whether inmates have a right to assist one another with legal matters, and 2) whether Ms. Brown retaliated against him in preventing him from meeting another offender in the FCF Law Library. His remedy is to be scheduled with a particular offender.

Policy is laid out in Administrative Regulation 750-01, section IV.E.1, "Offenders may provide assistance to one another; however, it will be regulated by time, place, and manner." Further, section IV.E.1.b. states, "Offenders may assist one another inside the law library and outside the law library, if permitted by facility policy."

Offender Sayed requested the assistance, in the law library, of an offender housed in a different area of the prison. As Ms. Brown stated in her Step I response, FCF facility policy is not to mix offenders in the law library housed in different areas of the facility. A number of CDOC facilities require that only offenders housed together be allowed in the law library at a particular time.

Offender Sayed states that this policy serves no penological purpose and that it is done in violation of "Federal and State protected right." He does not mention what protected right is being infringed upon, but I presumit is access to the courts. Numerous decisions have remarked on offender access.

"Prison inmates do not possess the right to a particular prisoner's help in preparing their legal materials, so long as prison officials make other assistance available." Smith v. Maschner, 899 F.2d. 940, 950 (10th Cir. 1990). CDOC provides staffed law libraries with adequate resources to assist offender in access the courts.

"Offenders are allowed to assist one another, however they are not entitled to the assistance of an one particular offender if such assistance requires violating current security requirements." Shaw v. Murphy, 532 U.S. 223 (2001). "Access to the law library may be restricted, as long as the restrictions are reasonable." Parker v. Maus, 2012 U.S.Dist.LEXIS 137490, see Johnson v. Avery, 393 U.S. 483, 490 (1969). In order to schedule offenders in the fashion advocated by Offender Sayed, Ms. Brown would have been required to violate FCF policy. Thus, the proposed remedy is not possible.

To summarize, as Ms. Brown was scheduling in accordance with facility and CDOC policy, and in so doing she was addressing a legitimate penological interest, her refusal to schedule according to Offender Sayed's wishes can't be considered as retaliation. As Ms. Brown stated in her Step I response, Offender Sayed has not been denied access to the law library or to the courts. As such, no right has been violated.

This grievance is DENIED in full.

**TO BE COMPLETED BY RESPONDER**

| Date 08/05/2013 | Responder Name & ID # STORER, MICHAEL (13029) | Response Date 08/22/2013 |
|---|---|---|

| Disposition | **Denied** |
|---|---|

**TO BE COMPLETED BY OFFENDER**

RECEIPT:  I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| Offender Name  SAYED, HAZHAR | DOCNO 133608 | Grievance # R-FF13/14-00043859-2 |
|---|---|---|

Date: 08/27/2013   Offender Signature : *[signature]*

Original: Department file/AIC                                        Copies: Administrative Head, Offender

DC Form 850-04A (07/15/11)

## Colorado Department of Corrections Offender Grievance Form

**Offender Must Complete**

Name: _____  Doc #: 133608

Grievance number (complete for Steps 2 and 3, only): R-FF13/14-0004...

**Instructions:**
1. Fill out identifying data in space provided. (Must be legible.)
2. Clearly state basis for grievance or grievance appeal.
3. State specifically what remedy you are requesting.
4. Remedy must remain consistent.

**Subject of Grievance and Requested Meaningful Remedy:**

Ms. (P.O.C.) law library cannot limit inmate access to the law library or legal assistance to the point that, inmate right of access to the courts is frustrated. Bounds v. Smith, 430 P.2d 509. Moreover, C.D.O.C/C.F. law library and legal assistance is woefully inadequate. Inmates of the (RTU) in each unit were supposed to have access to the law library and legal assistance at least (3 to 5) times a week. However, Ms. Sayed only called once a week or less and I was scheduled for the law library for a period of (20) minutes a week, insufficient amount of time to adequately conduct research and prepare his legal documents and I was illegally denied access to said. In addition, Ms. Brown actions was not done with regards toward the C.D.O.C/F.C.F. policy, unit policy, administrative directive, rules, or regulation. There is no such rule or policy preventing inmate access to the law library or legal assistance. Further, the (DOC)'s policy for all inmates to sent up to the law library regarding legal matters. I contend that, Ms. Brown's action inappropriate in violation of 1st and 14th Constitutional Ad. Remedy 1) I request to have access to the law library at least (3) times per week, but as many a (5) times; and 2) do your job and schedule me with inmate Mr. Junior, #92839, deadline due. Thank you.

| Date: August 27, 2013 | Offender Signature: _____ | Step (Circle one) |
|---|---|---|
| **Case Manager/CPO Must Complete** | **Facility/Unit/Pod/Parole Office/Community Corrections Center:** | 1    2    ③ |

Signature: _____

Print Name and DOC Employee Id #: P. ROUTHIERS   15335

Date received: 8/29/13

Attachment "A"
Page 1 of 1

---

## TO BE COMPLETED BY GRIEVANCE COORDINATOR

RECEIPT: I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

Date 08/30/2013       Grievance Coordinator & ID #  YAKE, PHYLLIS (15335)

**RESPONSE**

see attached

## TO BE COMPLETED BY RESPONDER

Date 09/23/2013       Responder Name & ID #  GRIFFITH, MARSHALL (14298)       Response Date 09/26/2013

Disposition                                    **Not exhausted**

## TO BE COMPLETED BY OFFENDER

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

Offender Name  SAYED, HAZHAR            DOCNO 133608       Grievance #  R-FF13/14-00043859-3

Date: 10/3/2013       Offender Signature : _____

Original: Department file/AIC                              Copies: Administrative Head, Offender

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Step 3 Grievance Officer
2862 South Circle Drive, Suite 148
Colorado Springs, CO 80906-4195
Phone:  719.226.4238

Step 3 Grievance Officer

John W. Hickenlooper
Governor

Rick Raemisch
Executive Director

September 26, 2013

RE: Grievance #R-FF13/14-43859

Dear Mr. Hazhar Sayed #133608:

I have reviewed your Step 3 grievance that you filed with regard to legal assistance from other offenders at FCF and Law Library scheduling.

The Step 3 grievance that you filed in this matter is inconsistent with your Step 1 and/or Step 2 grievances that were previously considered.  The grievance procedure is outlined in Administrative Regulation 850-04.  Only one issue may be addressed, per grievance.  In AR 850-04 at D. 7. it states, "All <u>issues and remedies</u> contained in the original grievance must be incorporated into each subsequent step of the grievance. Failure to renew each element of the complaint and/or requested relief in subsequent steps shall be deemed a waiver of those elements and/or requested remedy."

In this instance the Step 1 and Step 2 Grievances all regard you requesting to be scheduled in the Law Library with another offender that is from another area of the facility. However in the Step 3 Grievance you add another issue when you claim that you are not being scheduled enough times in the Law Library. In addition the remedies you request at the Step 1 and Step 2 levels are also inconsistent with the remedy you seek in the Step 3.

You failed to follow the grievance procedure in this matter; you have <u>not</u> exhausted your administrative remedies.  This is final administrative action in this matter.

The time constraints outlined in AR 850-04 have also been violated, so there will no further review of this matter.

Sincerely,

Anthony A. DeCesaro
Grievance Officer

Cc: working file
    grievance file

DC Form 850-04A (07/15/11)

## Colorado Department of Corrections Offender Grievance Form

| Offender Must Complete | |
|---|---|
| Name:  Hazhar A. Sayed | Doc #: 133608 |

Grievance number (complete for Steps 2 and 3, only):

**Instructions:**
1. Fill out identifying data in space provided. (Must be legible.)
2. Clearly state basis for grievance or grievance appeal.
3. State specifically what remedy you are requesting.
4. Remedy must remain consistent.

**Subject of Grievance and Requested Meaningful Remedy:**

Deliberate indifference to serious dental need is unconstitutional.
See Farrow v. West, 320 F.2d 1235. Moreover, Per A.R., 700-30,
requires that an inmate needed to wait until one year wait time
before receiving dental treatment. However, in December 22, 2011,
I submitted a kite for "tooth" treatment and cleaning, as allowed
by your own policy. To date no avail. As a result, I am suffering
irreversible damage to my teeth and gum, in violation of 8th
and 14th Amendment protections. Remedy, 1): I am asking for
dental treatment and cleaning, under the standard of the
treatment protocol established by the department. Simply put**

| Date: May 22, 2013 | Offender Signature: _Hazhar Sayed_ | |
|---|---|---|
| **Case Manager/CPO Must Complete** | Facility/Unit/Pod/Parole Office/Community Corrections Center: | **Step (Circle one)** ① 2 3 |

Signature: _Brandl_

Print Name and DOC Employee Id #: _____     Date received: 5-24-13

Attachment "A"
Page 1 of 1

---

## TO BE COMPLETED BY GRIEVANCE COORDINATOR

RECEIPT:  I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

| Date 05/28/2013 | Grievance Coordinator & ID #  OLIVER, MARGARETHE (14873) |
|---|---|

### RESPONSE

SAYED HAD HIS TEETH CLEANED 8/17/11. ON 5/18 /12 HE WAS ADVISED TO PUT IN A KITE AFTER AUG 2012 . THIS RESULTED IN AN ALTERCATION IN THE MEDICAL CLINIC .CURRENTLY NO KITE IS IN PLACE .   THIS IS OVER THE 30 DAYS FROM THE DATE THE OFFENDER KNEW OF THE FACTS CONCERNING THE GRIEVANCE.

## TO BE COMPLETED BY RESPONDER

| Date 05/28/2013 | Responder Name & ID #  WISHART, JAMES (3006) | Response Date  06/07/2013 |
|---|---|---|
| **Disposition** | **Denied** | |

## TO BE COMPLETED BY OFFENDER

RECEIPT:  I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| Offender Name SAYED, HAZHAR | DOCNO 133608 | Grievance # C-FF12/13-00041772-1 |
|---|---|---|
| Date: 6/18/13 | Offender Signature : _Hazhar Sayed_ | |

Original: Department file/AIC                          Copies: Administrative Head, Offender

DC Form 850-04B (12/15/12)

## Colorado Department of Corrections Offender Grievance Form

| Offender Must Complete | | | |
|---|---|---|---|
| Name: Hazhar A. Sayed | | Doc #: 133608 | |
| Grievance number (complete for Steps 2 and 3, only): C-FF12/13-041772-1 | | | |

**Instructions:**
1. Fill out identifying data in space provided. (Must be legible.)
2. Clearly state basis for grievance or grievance appeal.
3. State specifically what remedy you are requesting.
4. Remedy must remain consistent.

**Subject of Grievance and Requested Meaningful Remedy:**

Deliberate indifference to serious dental need is unconstitutional.
See Farrow v. West, 320 F.2d 1235. Moreover, Per A.R., 700-30,
requires that, an inmate needed to wait until one year wait time
before receiving dental treatment. However, in December 22, 2011,
I submitted a medical kite for "tooth" treatment and cleaning, as
allowed by your own policy. To date no avail. As a result, I am
suffering ir-reversible damage to my teeth and gum, in violation
of 8th and 14th Amendment protections. Remedy, 1) I am asking for
dental treatment and cleaning, under the standard of the treatment
protocol established by the department. [simply put]**

| Date: June 11, 2013 | Offender Signature: | Step (Circle one) |
|---|---|---|
| Case Manager/CPO Must Complete | Facility/Unit/Pod/Parole Office/Community Corrections Center: FCF CH4 | 1  ②  3 |

Signature:

| Print Name and DOC Employee Id #: W. Brown    11898 | Date received: 6/13/13 |
|---|---|

Attachment "B"
Page 1 of 1

## TO BE COMPLETED BY GRIEVANCE COORDINATOR

RECEIPT: I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

| Date 06/13/2013 | Grievance Coordinator & ID # | OLIVER, MARGARETHE (14873) |
|---|---|---|

### RESPONSE

offender Sayed,

Your last teeth cleaning was performed 8/7/11. You are permitted one cleaning per year per the AR. Per your grievance you submitted the next kite on 12/22/11 which is only 4 months after you had your teeth cleaned. Our records show yousubmitted a kite for the next cleaning 9 months later on 5/8/12. You were advised that this was too early and you did not qualify to have your teeth cleaned at this time. You were advised to submit a kite for teeth cleaning after 8/12/12. Please submit a kite to have your teeth cleaned and you will be scheduled accordingly.

## TO BE COMPLETED BY RESPONDER

| Date 06/13/2013 | Responder Name & ID # TESSIER, DAVID (17375) | Response Date 07/01/2013 |
|---|---|---|
| Disposition | Denied | |

## TO BE COMPLETED BY OFFENDER

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| Offender Name SAYED, HAZHAR | DOCNO 133608 | Grievance # C-FF12/13-00041772-2 |
|---|---|---|
| Date: 07/9/13 | Offender Signature: | |

Original: Department file/AIC                                    Copies: Administrative Head, Offender

DC Form 850-04B (12/15/12)

## Colorado Department of Corrections Offender Grievance Form

| Offender Must Complete | | |
|---|---|---|
| **Name:** Hazhar A. Sayed | | **Doc #:** 133608 |

**Grievance number** (complete for Steps 2 and 3, only): 12/13-41772

**Instructions:**
1. Fill out identifying data in space provided. (Must be legible.)
2. Clearly state basis for grievance or grievance appeal.
3. State specifically what remedy you are requesting.
4. Remedy must remain consistent.

**Subject of Grievance and Requested Meaningful Remedy:**

The 8th Amendment prohibits the imposition of cruel and unusual punishments and embodies broad and idealistics concepts of dignity, civilized standards, humanity and decency when prison officials knows of and disregards an excessive risk to inmate health and safety. On December 22, 2011, I submitted a medical kite for "tooth cleaning" as allowed by your own protocol and policy. To date no avail. As a result, I am suffering irreversible damage to my teeth and gum in violation of 1st; 8th and 14th Amendment protections. Remedy, step (2) be overturn.

| Date: July 9, 2013 | Offender Signature: Hazhar Sayed | |
|---|---|---|
| **Case Manager/CPO Must Complete** | **Facility/Unit/Pod/Parole Office/Community Corrections Center:** | **Step (Circle one)** 1   2   ③ |

Signature: _____

Print Name and DOC Employee Id #: K. Sinimms 8265

Date received: 7/10/13

Attachment "B"
Page 1 of 1

---

## TO BE COMPLETED BY GRIEVANCE COORDINATOR

RECEIPT: I acknowledge receipt this date of a complaint from the offender in regards to the following subject.

| Date 07/15/2013 | Grievance Coordinator & ID # | OLIVER, MARGARETHE (14873) |
|---|---|---|

## RESPONSE

See attached response.

## TO BE COMPLETED BY RESPONDER

| Date 07/23/2013 | Responder Name & ID # DECESARO, ANTHONY (10983) | Response Date 07/25/2013 |
|---|---|---|
| **Disposition** | **Denied** | |

## TO BE COMPLETED BY OFFENDER

RECEIPT: I acknowledge receipt this date of a response from the Department of Corrections, to this grievance.

If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual.

| Offender Name SAYED, HAZHAR | | DOCNO 133608 | Grievance # C-FF12/13-00041772-3 |
|---|---|---|---|
| Date: 07/29/13 | Offender Signature : | | |

Original: Department file/AIC                    Copies: Administrative Head, Offender

# STATE OF COLORADO

**COLORADO DEPARTMENT OF CORRECTIONS**

Office of Step 3 Grievance Officer
2862 South Circle Drive, Suite 148
Colorado Springs, CO 80906-4195
Phone:  719.226.4238

Step 3 Grievance Officer



July 25, 2013

John W. Hickenlooper
Governor

Roger Werholts
Interim Executive Director

RE: Grievance #C-FF12/13-00041772-3

Dear Mr. Hazhar Sayed #133608:

I have reviewed your Step 3 grievance that you filed with regard to dental treatment.

In review of this matter I find that you have been evaluated by dentist at FCF.  I cannot second guess the professional opinion of the dentist regarding your diagnosis and treatment, as I am not a dental professional. Your treatment appears to be adequate and appropriate for your condition.  I have reviewed your requested for additional dental cleaning and I find that routine dental cleanings are not a covered benefit; please see AR 700-04 under dental services not provided.  A cleaning may be ordered if clinically indicated.  You may however request a private dentist appointment at your expense, if approved, per AR 700-21.  I do not find that DOC was or is deliberately indifferent to your dental condition and therefore I cannot recommend any relief in this matter.

It is your burden to prove your allegations stated in your Step 3 grievance. I have reviewed the facts of this case and determined that you did not meet this burden.  There was no corroborating evidence to provide proof of your allegations.

Your request for relief is denied. This is the final administrative response in this matter and you have exhausted your administrative remedies.

Sincerely,

Anthony A. DeCesaro
Grievance Officer

Cc: working file
        grievance file