IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 13-cv-02961-BNB

HAZHAR A. SAYED,

     Plaintiff,

v.

SGT. TAFOYA, Mail Room C/O, F.C.F. (individual capacity),
SGT. PATRICK, Mail Room C/O, F.C.F. (individual capacity),
YEVETTE BROWN, F.C.F., Law Library C/O (individual capacity), and
JOHN/JANE DOE, F.C.F., Dental Officer/Dentist (individual capacity),

     Defendants.

_____

ORDER TO DISMISS IN PART AND TO DRAW
CASE TO A DISTRICT JUDGE AND MAGISTRATE JUDGE

_____

     Plaintiff, Hazhar A. Sayed, is a prisoner in the custody of the Colorado

Department of Corrections who currently is incarcerated at the Fremont Correctional

Facility in Cañon City, Colorado.  He submitted *pro se* a Prisoner Complaint (ECF No.

1) pursuant to 42 U.S.C. § 1983 and a Prisoner's Motion and Affidavit for Leave to

Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 6).

     Mr. Sayed has been granted leave to proceed pursuant to the federal *in forma*

*pauperis* statute, 28 U.S.C. § 1915.  Subsection (e)(2)(B) of § 1915 requires a court to

dismiss sua sponte an action at any time if the action is frivolous, malicious, or seeks

monetary relief against a defendant who is immune from such relief.  A legally frivolous

claim is one in which the plaintiff asserts the violation of a legal interest that clearly does

not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*,

490 U.S. 319, 324 (1989).

Mr. Sayed is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(g).  Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute.  *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the Prisoner Complaint liberally because Mr. Sayed is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Prisoner Complaint will be dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

<u>Claim One</u>

As his first claim, Mr. Sayed alleges that in February 2013, Defendants Patrick and Tafoya, who work in the Fremont Correctional Facility mail room, rejected and returned to the sender a blank form for legal use mailed to Mr. Sayed by an inmate at another correctional facility.  Mr. Sayed contends that the form was rejected as the other inmate's property.  On the basis of these allegations, Mr. Sayed contends his First Amendment right to communicate freely with other persons was violated.

Mr. Sayed's first claim is without merit.  There is no constitutional right to inmate-to-inmate legal communications.  *Yabanez v. Milyard*, No. 10-cv-02234-WYD-CBS, 2011 WL 4383123, at *6 (D. Colo. Sept. 20, 2011) (unpublished) (citing *Stine v. Collins*,

2

No. 08-cv-00298-BNB, 2008 WL 596807, at *1, (D. Colo. Mar. 4, 2008) (unpublished). In *Stine*, the Court relied on *Shaw v. Murphy*, 532 U.S. 223, 228 (2001), for the proposition that inmate-to-inmate correspondence that includes legal assistance is not entitled to more First Amendment protection than correspondence without any such legal assistance, and to *Turner v. Safley*, 482 U.S. 78 (1987), for the proposition that regulating inmate-to-inmate communication is "'reasonably related to legitimate penological interests.'" *Stine*, 2008 WL 596807, at *1. Claim one will be dismissed as legally frivolous.

<u>Claim Two</u>

As his second claim, Mr. Sayed alleges that in July 2013, he requested and was denied law library access with a co-inmate who was assisting him in a legal matter by Defendant Yevette Brown, Fremont Correctional Facility law librarian. As a result, he contends he was denied access to the courts and the ability to communicate with others in violation of his First Amendment rights.

Mr. Sayed's second claim also is without merit. The United States Court of Appeals for the Tenth Circuit "has made clear that an inmate 'does not have a protected interest in providing legal representation to other inmates.'" *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (citing *Smith v. Maschner*, 899 F.2d 940, 950 (10th Cir. 1990). More importantly for purposes of the instant action, "[p]rison inmates do not possess the right to a particular prisoner's help in preparing their legal materials, so long as prison officials make other assistance available." *Smith*, 899 F.2d 950. A prisoner must demonstrate actual injury from interference with his access to the courts--that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal

claim concerning his conviction or his conditions of confinement.  *See Lewis v. Casey*, 518 U.S. 343, 351-55 (1996).  Mr. Sayed's access-to-the-courts allegations against Ms. Brown fail this test because Plaintiff does not allege he was impeded in his ability to file his Prisoner Complaint and pursue his claims in this action.  Mr. Sayed's second claim will be dismissed as legally frivolous.

<u>Claim Three</u>

As his third claim, Mr. Sayed alleges that in May 2012 he requested dental services for ongoing dental issues and to have his teeth cleaned.  He contends that the unknown Defendant dentist or medical officer rejected his request because he had his teeth cleaned approximately nine months earlier and was ineligible for another teeth cleaning until twelve months had passed, and failed to address the request to be treated for ongoing dental issues.  On the basis of these allegations, he contends he was subjected to deliberate indifference to a serious medical need in violation of his Eighth Amendment rights.  This claim will be drawn to a district judge and a magistrate judge.

Accordingly, it is

ORDERED that claim one asserted against Defendants Patrick and Tafoya, and claim two asserted against Defendant, are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  It is

FURTHER ORDERED that Defendants Patrick, Tafoya, and Brown are dismissed as parties to this action.  It is

FURTHER ORDERED that claim three asserted against the unnamed dental officer or dentist is are drawn to a district judge and a magistrate judge.  It is

FURTHER ORDERED that the only remaining Defendant is John/Jane Doe, the dental officer/dentist for the Fremont Correctional Facility.

DATED January 30, 2014, at Denver, Colorado.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court