IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02961-CMA-MJW

HAZHAR A. SAYED,

Plaintiff,

v.

JOHN/JANE DOE, F.C.F., Dental Officer/Dentist, individual capacity,

Defendant.

## RECOMMENDATION ON
## PLAINTIFF'S MOTION TO AMEND/ALTER JUDGMENT OF 1/30/14, DISMISSING CLAIM ONE (Docket No. 18)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 14) issued by Judge Christine M. Arguello on January 31, 2014. Now before the court for a report and recommendation is plaintiff's Motion to Amend/Alter Judgment of 1/30/2014, Dismissing Claim One (Docket No. 18) filed on February 12, 2014. The court has carefully considered the Prisoner Complaint (Docket No. 1), the subject motion (Docket No. 18), and Judge Babcock's January 30, 2014 Order (Docket No. 12). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

Incarcerated pro se plaintiff Hazhar Sayed's Prisoner Complaint (Docket No. 1) was filed on October 29, 2013. Therein, plaintiff included three claims: (1) denial of

2

freedom of communication as allowed under the First Amendment; (2) denial of ability to access the courts and communicate with others In violation of the First Amendment; and (3) deliberate indifference to a serious medical need in violation of the Eighth Amendment.  On January 30, 2014, Judge Babcock dismissed Claim One and Claim Two as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).  Judge Babcock ordered that Claim Three to be drawn to a district judge and magistrate judge.  Plaintiff now seeks to reinstated Claim One pursuant to Fed. R. Civ. P. 59(e)

Plaintiff is proceeding pro se.  The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys.  Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir. 2007).  The plaintiff's pro se status does not entitle him to application of different rules. Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  See Fed. R. Civ. P. 59(e).  The January 30, 2013 Order (Docket No. 12) that plaintiff seeks to amend does not yet constitute an adverse judgment.  See Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief . . . or when multiple parties are involved, . . . any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be

3

revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Even if court considers the subject motion pursuant to Rule 59(e) because the Motion was filed within twenty-eight days after the January 30, 2013 Order was entered and the Motion relates to that Order, see Van Skiver, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion), the court finds that plaintiff fails to set forth a proper basis for relief under Rule 59(e).

There are three grounds that justify reconsideration under Rule 59(e): "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). A Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. See id.

Plaintiff provides no newly promulgated authority, no new evidence, and no clear error or manifest injustice that warrants reconsideration of the January 30, 2013 Order. Plaintiff simply contends that the court was wrong in dismissing Claim One from his Complaint. A disagreement with the court and a mere request that a court rethink a decision it has already made are improper bases for relief under Rule 59(e). See id. Claim One was dismissed by Judge Babcock because there "is no constitutional right to inmate-to-inmate legal communications." Yabanez v. Milyard, No. 10-cv-02234-WYD-CBS, 2011 WL 4383123, at *6 (D. Colo. Sept. 20, 2011). The fact that the communication at issue in Claim One contained both legal and non-legal materials does not change Judge Babcock's determination. See Shaw v. Murphy, 532 U.S. 223, 228

(2001) (finding that inmate-to-inmate correspondence that includes legal assistance receives *no more* First Amendment protection than correspondence without any legal assistance).

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that plaintiff's Motion to Amend/Alter Judgment of 1/30/2014, Dismissing Claim One (Docket No. 18) be **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  June 9, 2014            s/ Michael J. Watanabe
       Denver, Colorado        Michael J. Watanabe
                               United States Magistrate Judge