IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action 13-cv-02961-CMA-MJW

HAZHAR A. SAYED,

Plaintiff,

v.

ROBERTA BROMAN, *in her individual capacity*,

Defendant.

## REPORT AND RECOMMENDATION
on

## DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)
(Docket No. 61)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Plaintiff Hazhar Sayed filed this lawsuit under 42 U.S.C. § 1983 against employees of the state prison in which he is incarcerated. After summary dismissal of two claims under 28 U.S.C. § 1915A, there is one remaining claim: that Defendant Roberta Broman, a dental technician at the prison, has been deliberately indifferent to Sayed's medical needs in violation of the Eighth Amendment. (Docket No. 12.)

Broman has moved to dismiss. (Docket No. 61.) District Judge Christine M. Arguello referred the motion to the undersigned under 28 U.S.C. § 636(b). (Docket No. 62.) The Court has considered the parties' filings (Docket Nos. 61, 68 & 69), taken notice of the court's file, and considered the relevant Federal Rules of Civil Procedure, statutes, and case law. The Court now being fully informed recommends that the Amended Complaint (Docket No. 43) be DISMISSED WITHOUT PREJUDICE.

## Sayed's Complaint

The Amended Complaint sets forth its facts in a single paragraph:

> In May of 2012, I submitted a medical/dental kite to (F.C.F.)'s dental services. In that kite I requested that I be seen for on going dental issues and to have my teeth cleaned again. The kite was rejected by dental tech Ms. Roberta Broman, under the guise that, I had my teeth cleaned approximately 9-months earlier and wasn't eligible for having them cleaned until 12-months had passed. The inherent problem here is that the fact that, I was having problem with my teeth was ignored in its entirety and even if I requested to be placed on the list for tooth cleaning, it would take many months for me to be seen, hence the one year would have passed by the time I was seen. Policy allows that, I be seen for medical issues and the Eighth Amendment requires that, I be cared for medically. To date I have not seen and still suffer from tooth problems which have caused me to suffer a great deal. I contend that, my Eighth Amendment rights are being violated.

(Docket No. 43, p.2.) Sayed asks for injunctive relief and punitive damages. (Docket No. 43, p. 3.)

In response to Broman's motion to dismiss, Sayed provided an affidavit attesting to slightly more detail:

> 1) Affiant was seen by the above named Defendant and diagnosed as needing additional dental care, including possibly tooth extraction and filings.
>
> 2) Defendant was fully aware of the fact that Affiant suffered excruciating tooth pain.
>
> 3) Affiant sought tooth cleaning as a preventative measure as well as treatment for his previously diagnozed dental needs in an effort to not lose any teeth.
>
> 4) Affiant was in distress because of his teeth and the need for dental care, yet he received none from Defendant.

(Docket No. 68-1.) Finally, although he did not attach them to his Amended Complaint, Sayed's original Complaint included proof that he administratively exhausted his

3

claims—and those documents indicate that he submitted his request for early dental cleaning three times, getting declined each time.  (Docket No. 1, pp. 19–22.)

## **Analysis**

Under Rule 12(b)(6), the Court must accept the facts alleged in the Amended Complaint as true; further, if there are inferences that must be drawn, the Court must draw them in Sayed's favor.  *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010). Only factual allegations are to be accepted as true.  Allegations of legal conclusions are not included in the Court's analysis. *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).  Generally speaking, only the complaint is to be considered.  However, the Court may take judicial notice (if otherwise appropriate under Federal Rule of Evidence 201) of the existence and contents of certain public records, although the Court may not rely on the truth or falsity of those records.  *See, e.g.*, *ASARCO LLC v. Union Pac. R. Co.*, 755 F.3d 1183, 1188 n.5 (10th Cir. 2014); *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).

Once the set of operative facts is established according to the foregoing rules, the Court must decide whether those facts adequately state grounds for relief.  It is not necessary for Sayed to allege a prima facie case including every last element of his legal claim. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191–92 (10th Cir. 2012).  "A plaintiff must 'nudge [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss."  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570  (2007)).

4

Broman has moved to dismiss (1) for failing to state a claim, (2) on the basis of qualified immunity, and (3) for failure to plead facts supporting punitive damages. (Docket No. 61.)

**I.     Failure to State a Claim**

To state a § 1983 medical claim, a plaintiff must show that the defendant acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The test for deliberate indifference is both objective and subjective: a prisoner must establish that he was deprived of a medical need that is, objectively, "sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and that the defendant subjectively knew of and disregarded "an excessive risk to [the prisoner's] health and safety," *id.* at 837.

As to the objective component, a medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). Further, "a delay in medical care 'only constitutes an Eighth Amendment violation where the plaintiff can show [that] the delay resulted in substantial harm. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). Substantial harm includes "lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001).

The subjective component of an Eighth Amendment claim is met if the plaintiff demonstrates a defendant "knew [the plaintiff] faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Callahan v.*

*Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006) (citations omitted). The level required to make out a claim for deliberate indifferent is "more blameworthy than negligence," requiring "more than ordinary lack of due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835.

Sayed's claim fails on the objective component. In his Amended Complaint, he references "on going dental issues," states that he "was having problem[s] with my teeth," and alleges that he continues to "suffer from tooth problems which have caused me to suffer a great deal." These vague generalities do not suggest that Sayed is suffering from any sufficiently serious condition, nor that waiting several months for the next routine dental visit will cause substantial or irreparable harm.

Sayed's affidavit—which is relevant insofar as it shows whether leave to amend would be appropriate—does not add enough detail to save the claim. It alleges that Sayed was "diagnosed as needing additional dental care, including possibly tooth extraction and filings," and that Sayed suffers from "excruciating tooth pain." But these facts do not suggest, or provide a reasonable basis from which to infer, that Sayed needs dental care *within the year*. It might be the case that Sayed has been diagnosed as needing imminent dental care to avoid serious harm, but nonetheless has not been allowed such care—but Sayed has not alleged those facts. Although Sayed is *pro se*, the Court cannot supply missing facts for his Complaint. *Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991). The facts as alleged suggest that Sayed might need fillings or to have a

6

tooth removed at some point in the future. They do not suggest that annual dental check-ups are inadequate to the task, much less constitutionally inadequate.

In his objection to Broman's motion, Sayed did not provide enough facts to nudge his claim across the line from conceivable to plausible. None of the other documents in the file suggest that further facts exist. That said, the claim remains conceivable; it is possible that sufficient facts exist and that (as a *pro se* litigant) Sayed simply hasn't mentioned them yet. If Sayed can file a second amendment complaint—providing greater detail about (1) his dental diagnoses and symptoms, (2) the treatment that has been recommended, and (3) the need for immediate treatment and the consequences of not receiving it—his claim might be plausible. Accordingly, the Court recommends that the Amended Complaint be dismissed *without* prejudice, with leave to amend.

## II.    Qualified Immunity

When a defendant asserts qualified immunity, the plaintiff bears a heavy two-part burden of proof. *Davis v. Scherer*, 468 U.S. 183, 197 (1984); *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001). To overcome qualified immunity, the plaintiff must show: (1) defendant violated plaintiff's federal constitutional or statutory right, and (2) the right was clearly established at the time of the violation in the circumstances faced by the defendant. *See Reynolds v. Powell*, 370 F.3d 1028, 1030 (10th Cir. 2004). "If the plaintiff fails to satisfy either part of the two-part inquiry, the court must grant the defendants qualified immunity." *Gross v. Pirtle*, 245 F.3d 1151, 1156 (10th Cir. 2001).

"A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that

7

every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (U.S. 2011) (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Qualified immunity applies in "all but the most exceptional cases," *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 516 (10th Cir. 1998), and protects "all but the plainly incompetent or those who knowingly violate the law," *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Sayed's constitutional right to be provided with adequate dental care is clearly established. *See, e.g.*, *Stack v. McCotter*, 79 F. App'x 383 (10th Cir. 2003). On the facts as alleged, however, Broman has not violated that right—and she is thus entitled to qualified immunity.

**III.    Punitive Damages**

In § 1983 cases, punitive damages may be awarded only when "the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56 (1983). The focus must be on whether the defendant's actions call for "deterrence and punishment over and above that provided by compensatory awards." *Id.* at 54. "[N]ot every intentional violation of a plaintiff's constitutional rights subjects a defendant to punitive damages." *Wulf v. City of Wichita,* 883 F.2d 842, 867 (10th Cir. 1989). Here, on the facts as alleged, Broman has not violated Sayed's rights. As a result, punitive damages cannot be available.

## Recommendation

For the foregoing reasons, the undersigned RECOMMENDS that Defendants' Motion to Dismiss (Docket No. 61) be GRANTED, dismissing the first Amended Complaint without prejudice.  If Judge Arguello adopts this recommendation, the undersigned further RECOMMENDS:

- That Sayed be given a deadline of 21 days following Judge Arguello's order adopting this recommendation, within which to file a second amended complaint;

- That Sayed be directed to include in his second amended complaint greater detail about (1) his dental diagnoses and symptoms, (2) the treatment that has been recommended, and (3) the need for immediate treatment and the consequences of not receiving it; and

- That, should Sayed fail to file a timely second amended complaint, the case be dismissed with prejudice.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: October 29, 2014          */s/ Michael J. Watanabe*
      Denver, Colorado          Michael J. Watanabe
                                          United States Magistrate Judge