IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action 13-cv-02961-CMA-MJW

HAZHAR A. SAYED,

Plaintiff,

v.

ROBERTA BROMAN, *in her individual capacity*,

Defendant.

**REPORT AND RECOMMENDATION**
**on**

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)**
**(Docket No. 86)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Plaintiff Hazhar Sayed filed this lawsuit under 42 U.S.C. § 1983 against employees of the state prison in which he is incarcerated. After summary dismissal of two claims under 28 U.S.C. § 1915A, there is one remaining claim: that Defendant Roberta Broman, a dental technician at the prison, has been deliberately indifferent to Sayed's medical needs in violation of the Eighth Amendment. (Docket No. 12.) Broman has now moved to dismiss for the second time. (Docket No. 86.)

The Court recounted the relevant pleading standards under Rule 12(b)(6), and the substantive legal standards under *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), in its report and recommendation on the first motion to dismiss. (Docket No. 70.) The Court assumes that the parties remain familiar with those standards.

2

In resolving Broman's first motion to dismiss, the Court concluded that the First Amended Complaint did not state a claim, but that amendment was not necessarily futile. More specifically, the Court said:

> Sayed's claim fails on the objective component. In his Amended Complaint, he references "on going dental issues," states that he "was having problem[s] with my teeth," and alleges that he continues to "suffer from tooth problems which have caused me to suffer a great deal." These vague generalities do not suggest that Sayed is suffering from any sufficiently serious condition, nor that waiting several months for the next routine dental visit will cause substantial or irreparable harm.
>
> Sayed's affidavit—which is relevant insofar as it shows whether leave to amend would be appropriate—does not add enough detail to save the claim. It alleges that Sayed was "diagnosed as needing additional dental care, including possibly tooth extraction and filings," and that Sayed suffers from "excruciating tooth pain." But these facts do not suggest, or provide a reasonable basis from which to infer, that Sayed needs dental care *within the year*. It might be the case that Sayed has been diagnosed as needing imminent dental care to avoid serious harm, but nonetheless has not been allowed such care—but Sayed has not alleged those facts. . . . The facts as alleged suggest that Sayed might need fillings or to have a tooth removed at some point in the future. They do not suggest that annual dental check-ups are inadequate to the task, much less constitutionally inadequate.
>
> In his objection to Broman's motion, Sayed did not provide enough facts to nudge his claim across the line from conceivable to plausible. None of the other documents in the file suggest that further facts exist. That said, the claim remains conceivable; it is possible that sufficient facts exist and that (as a *pro se* litigant) Sayed simply hasn't mentioned them yet. If Sayed can file a second amendment complaint—providing greater detail about (1) his dental diagnoses and symptoms, (2) the treatment that has been recommended, and (3) the need for immediate treatment and the consequences of not receiving it—his claim might be plausible. Accordingly, the Court recommends that the Amended Complaint be dismissed *without* prejudice, with leave to amend.

(Docket No. 70, pp. 5–6.)

3

Plaintiff's Second Amended Complaint does not add any such facts. As to the objective component of a deliberate-indifference claim, Sayed's Second Amended Complaint states only that Sayed was "diagnosed as needing additional dental care, including possibly tooth extraction and filings"; that he "suffered excruciating tooth pain"; that he "was in distress"; and that he had "previously diagnosed dental needs." (Docket No. 81.) These allegations are actually identical to an affidavit submitted by Plaintiff in opposition to the first motion to dismiss (Docket No. 68-1), and the Court explicitly held at that time that "Sayed's affidavit—which is relevant insofar as it shows whether leave to amend would be appropriate—does not add enough detail to save the claim" (Docket No. 70, at 5). The new facts are no more sufficient now than they were then.

The Court concludes that Plaintiff has not nudged his claim into the realm of plausibility, and therefore that Defendant's motion to dismiss should be granted. Further, as attempts at amendment have proved futile, this case should be dismissed with prejudice.

### Recommendation

For the foregoing reasons, the undersigned RECOMMENDS that Defendants' Motion to Dismiss (Docket No. 86) be GRANTED.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the**

4

**recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: March 13, 2015　　　　　　　*/s/ Michael J. Watanabe*
　　　Denver, Colorado　　　　　　　Michael J. Watanabe
　　　　　　　　　　　　　　　　　United States Magistrate Judge