IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-02961-CMA-MJW

HAZHAR A. SAYED,

    Plaintiff,

v.

ROBERTA BROMAN, an individual,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND/ALTER
JUDGMENT OF MARCH 13, 2015**

---

This matter is before the Court on Plaintiff's Motion to Amend/Alter Judgment of March 13, 2015, Dismissing Claim Three. (Doc. # 100.) Because Plaintiff provides no newly promulgated authority, no new evidence, and no clear error or manifest injustice that warrants reconsideration of the March 13, 2015 Order, Plaintiff's Motion is denied.

## I.   BACKGROUND

The facts and background of this case are set forth in detail in *Sayed v. Broman*, No. 13-CV-02961-CMA-MJW, 2014 WL 6883253, at *2 (D. Colo. Dec. 5, 2014). On March 31, 2015, the Court affirmed the March 13, 2015 Recommendation of United States Magistrate Judge granting Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 86). (Doc. # 98.) The Court dismissed Plaintiff's claim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff now moves this Court to reconsider that

determination and requests that he be allowed to amend his complaint if his claim was not sufficiently stated. (Doc. # 100.) No response was filed.

## II. DISCUSSION

A litigant who is subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration under Rule 59(e) are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Phelps v. Hamilton,* 122 F.3d 1309, 1324 (10th Cir. 1997). A motion for reconsideration is inappropriate to re-argue an issue previously addressed by the court when the motion merely advances new arguments or supporting facts that were available at the time of the original application. *Paraclete,* 204 F.3d at 1012 (motion to reconsider is not a proper vehicle through which to "revisit issues already addressed or advance arguments that could have been raised in prior briefing.") However, a motion to alter or amend that reiterates issues originally raised in the application and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the

litigant's position is correctly asserted pursuant to Fed. R. Civ. P. 59(e). *See Van Skiver,* 952 F.2d at 1244.

In this case, Plaintiff met the time limitation under Rule 59 by filing this motion within twenty-eight days from the entry of judgment. However, Plaintiff provides no newly promulgated authority, no new evidence, and no clear error or manifest injustice that warrants reconsideration of the March 13, 2015 Order. Plaintiff simply contends that he, in fact, did state a claim against Defendant.[1] A disagreement with the court and a mere request that a court rethink a decision it has already made are improper bases for relief under Rule 59(e). *Paraclete,* 204 F.3d at 1012. As noted in the Order Affirming March 13, 2015 Recommendation of United States Magistrate Judge, on December 5, 2014, this Court dismissed Plaintiff's First Amended Complaint for failure to state a claim, but allowed Plaintiff to amend his complaint to cure its defects. (Doc. # 98.) Plaintiff's Second Amended Complaint did not add any new facts to nudge his claim into the realm of plausibility and, therefore, the Court granted Defendant's motion to dismiss. Because Plaintiff's request to amend his complaint proved futile, the Court dismissed his claim with prejudice. Plaintiff's disagreement with this Court's resolution of his claim does not entitle it to reconsideration. *See, e.g., Paraclete,* 204 F.3d at 1012 (motion to reconsider is not a proper vehicle through which to "revisit issues already addressed or advance arguments that could have been raised in prior briefing");

---

[1] Plaintiff asserts that the Court failed to address the qualified immunity claim. (Doc. # 100.) However, In light of the holding that Plaintiff has failed to state a claim, the Court need not reach the question of Defendant's qualified immunity. *Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994) ("State officers sued in their individual capacities are immune from liability for exercises of discretionary authority unless their conduct 'violate[d] clearly established statutory or constitutional rights of which a reasonable person would have known.'") (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)) (internal citation omitted).

*Lacefield v. Big Planet,* No. 2:06–CV–844, 2008 WL 2661127, at *1 (D. Utah July 3, 2008) (unpublished) ("When a motion for reconsideration raises only a party's disagreement with a decision of the Court, that dispute should be dealt with in the normal appellate process.").

## III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion to Amend/Alter Judgment of March 13, 2015, Dismissing Claim Three (Doc. # 100) is DENIED.

DATED: May __14__, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge